S10A0820. JONES v. THE STATE.
(700 SE2d 350)

HUNSTEIN, Chief Justice.

Appellant Todd Omar Jones was convicted of murder in connection with the shooting death of Tavares Roberts. Finding no error in the denial of Jones's motion for new trial,[1] we affirm.

---

[1] The crimes occurred on June 6, 2006. Jones was indicted in Bibb County on August 22, 2006 and charged with malice murder, felony murder based on aggravated assault, and felony murder based on criminal attempt to purchase cocaine. He was tried before a jury on April 30 and May 2, 2007, and found guilty of malice murder and felony murder based on aggravated assault; the remaining felony murder charge was nol prossed. In an order entered May 10, 2007, the trial court sentenced Jones to life imprisonment on the malice murder conviction; the felony murder conviction was vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Jones's motion for new trial was filed on May 10, 2007, amended on January 6, 2009, and denied on December 23, 2009; his notice of appeal was timely filed. The

1. The evidence authorized the jury to find that Gregory Thompson encountered Jones at the Red Carpet Inn in Macon and Jones asked where he could purchase some drugs. Thompson got into Jones's vehicle and the two went to the Discovery Inn. There, they knocked on the door of Room 110; Takeisha Johnson answered and told them that the other occupants, Jamar Meadows and Tavares Roberts, were asleep. Jones and Thompson left but later returned, with Thompson staying in the vehicle while Jones went inside Room 110. Jones pulled a gun, demanding money and ordering Johnson, Meadows and Roberts to get on the floor. Roberts attempted to take the gun away from Jones and was shot in the ensuing scuffle, but was able to run from the room to the motel lobby. When Thompson heard gunshots coming from the room, he got out of Jones's vehicle. Jones emerged from the motel room, got in the vehicle, and drove away. Roberts later died from a gunshot wound to the neck, and a .22 caliber bullet was retrieved from his body.

Investigators obtained descriptions of Jones and his vehicle from Thompson and Johnson, and a copy of Jones's driver's license and other identifying information was obtained from his registration at the Red Carpet Inn. Jones was arrested at his residence in Athens, where clothing matching that described by the witnesses was found, as well as a box of .22 caliber target shells and used targets. Meadows identified Jones in a photo lineup.

Viewed in the light most favorable to the verdict, we conclude that the evidence adduced at trial was sufficient to enable a rational trier of fact to find Jones guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jones claims that the trial court erred by failing to instruct the jury on the defenses of accident and self-defense, specifically, the use of force to prevent the forcible felonies of aggravated assault and armed robbery. Counsel for Jones requested these charges but subsequently withdrew them. Thus, Jones has waived the issue, even assuming that the charges were authorized. See *Muller v. State*, 284 Ga. 70 (2) (663 SE2d 206) (2008).

As for Jones's argument that his counsel were ineffective in withdrawing the charges, trial counsel cannot be faulted for failing to request a jury charge that was not authorized by the evidence. *Nix v. State*, 280 Ga. 141 (3) (a) (625 SE2d 746) (2006). "To authorize a jury instruction on a subject, there need only be produced at trial slight evidence supporting the theory of the charge. [Cit.] Whether the evidence presented is sufficient to authorize the giving of a

---

appeal was docketed in this Court for the April 2010 term and submitted for decision on the briefs.

charge is a question of law. [Cit.]" *Davis v. State*, 269 Ga. 276, 279 (3) (496 SE2d 699) (1998). Because no evidence was elicited at trial that would support a defense of accident or self-defense, trial counsel's performance was not deficient in this regard.[2]

3. Jones cites as error the trial court's denial of his request to introduce the videotaped statements of witnesses Johnson and Meadows during the testimony of Lieutenant Greg Abernathy. On cross-examination of Johnson and Meadows, Jones used the transcripts of their statements for impeachment purposes. After both had been released from subpoena, Jones advised the trial court that he intended to use the videotaped statements during his cross-examination of Abernathy in an attempt to impeach testimony by Johnson and Meadows that the transcripts did not accurately reflect the content of those videotapes. The trial court disallowed the introduction of the videotaped statements for impeachment purposes, noting that the defense had the videotapes at the time Johnson and Meadows testified and that the appropriate time to use them would have been when those witnesses were available for questioning. Although a defendant has the right to a thorough and sifting cross-examination of the witnesses called against him, the trial court has discretion to limit the scope of cross-examination, and we find no abuse of discretion here. See *Castillo v. State*, 281 Ga. 579 (3) (642 SE2d 8) (2007) (no error in limiting cross-examination of detective through whose testimony counsel sought to impeach an earlier witness with a prior inconsistent statement).

4. Jones argues that the trial court erred by charging the jury that it could consider the intelligence of witnesses in passing on their credibility without instructing the jury as to how this factor should be utilized.[3] However, the record shows that Jones requested the pattern jury charge on credibility of witnesses, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed.), § 1.31.10, which tracks the language used by the trial court and includes intelligence as a factor to be considered without further explanation. Even assuming any error in the trial court's charge, a party cannot

---

[2] In order to prevail on a claim of ineffective assistance of counsel, Jones must show both that his counsel's performance was deficient and that, but for the deficient performance, there is a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[3] The court instructed the jury that

[i]n passing upon their credibility, you may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their interest or their lack of interest, their means and opportunity for knowing the facts to which they testify, the nature of the facts to which they testify, the probability or the improbability of their testimony, and of the occurrences which they testify about. You may also consider their personal credibility insofar as it may legitimately appear from the trial of this case.

complain about errors he helped induce. *Stinchcomb v. State*, 280 Ga. 170 (4) (626 SE2d 88) (2006).

5. Jones maintains that the trial court erred by allowing investigator Chris Robinson to testify as an expert in blood spatter and arterial spurting because he had only taken a few brief introductory courses on these subjects and had testified as an expert in these matters only twice before. At trial, counsel for Jones objected to this witness being considered an expert by the trial court but stated that she had no problem with him testifying as to his opinion that the bloodstain shown in a photograph of the motel room was the result of arterial spurting. Assuming, arguendo, that this objection was sufficient to preserve the issue for review, a trial court has broad discretion in accepting or rejecting the qualifications of an expert, *Williams v. State*, 279 Ga. 731 (2) (620 SE2d 816) (2005), and we find no abuse of such discretion here.

6. Jones claims that the trial court erred by allowing the State to make race-based jury strikes and that his trial counsel were ineffective in failing to object to the makeup of the jury. However, the voir dire of potential jurors was not transcribed, and the record contains no evidence as to the race of those jurors who were either struck or who served on the jury. Because Jones has the burden of proving error by the record and has failed to do so, this enumeration of error presents nothing for our review. See *Finley v. State*, 286 Ga. 47 (6) (685 SE2d 258) (2009).

7. Finally, Jones contends that his conviction is void because the indictment was based on an illegal arrest warrant and that his trial counsel were ineffective in failing to file a plea in abatement to dismiss the warrant and indictment. Specifically, he claims that the affidavit supporting the warrant was insufficient to establish probable cause because it stated incorrectly that the victim was shot twice, rather than once, and failed to state that the co-defendant who identified Jones in a lineup was a known drug addict. However, the allegedly inaccurate and incomplete information in the affidavit does not suggest an intentional or reckless falsehood on the part of the affiant and was not necessary to a finding of probable cause. See *Devega v. State*, 286 Ga. 448 (4) (f) (689 SE2d 293) (2010). Accordingly, Jones's conviction is not void, and he has failed to show that he received ineffective assistance of counsel in this regard.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*Robert M. Bearden, Jr.*, for appellant.
*Howard Z. Simms*, District Attorney, *John Regan*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Reggie A.*

*Lampkin, Assistant Attorney General*, for appellee.