## S11A0493. McCLARIN v. THE STATE.
### (710 SE2d 120)

THOMPSON, Justice.

Appellant Demarcus McClarin was convicted by a jury of malice murder and various related offenses in connection with the shooting death of Mac Mayer.[1] McClarin appeals from the denial of his motion for new trial, asserting, inter alia, that he was denied effective assistance of trial counsel. Finding no error, we affirm.

Ms. Ad Thong Kham Mayer Lillard managed the Belvedere Theater in DeKalb County. Lillard ended her workday at 9:20 p.m. and left her son, Mac Mayer, at the theater to work on projection equipment. As Lillard walked to her car in the parking lot, appellant drove up next to her and asked what time the theater closed. When she did not respond, he repeated his question, and Lillard continued to walk briskly toward her car. As she attempted to enter her car, appellant stepped out of his car, produced a gun, and demanded her money. He then pulled her out of her car and grabbed her purse. When Lillard's son became aware of the situation, he ran from the theater to the parking lot, pushed his mother to the ground covering her body with his, and pleaded for appellant to spare her life. Appellant continued to hold both victims at gunpoint and then fired four shots, killing Mayer with a bullet that pierced his heart and lungs. Appellant drove off with Lillard's purse.

Colita Wells was in a tattoo parlor two doors down from the theater, and her car was parked in the parking lot shared by the theater. Minutes before the shooting, she came outside to her car to smoke a cigarette when she was approached by a man she later

---

[1] The crimes were committed on April 9, 2008. A DeKalb County grand jury returned a multi-count indictment charging McClarin with malice murder, felony murder while in the commission of an aggravated assault, armed robbery, two counts of aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Trial commenced on June 22, 2009 and concluded on June 26, 2009, with the jury's return of guilty verdicts on all counts. McClarin was sentenced on July 14, 2009 to life imprisonment for malice murder, a consecutive life sentence for armed robbery, plus consecutive five-year sentences for each of the weapons offenses. The remaining counts were either merged or vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). McClarin's motion for new trial was filed on August 11, 2009, amended on July 20, 2010, and denied on July 27, 2010. He filed a notice of appeal on September 27, 2010 pursuant to the trial court's grant of an out-of-time appeal. The appeal was docketed in the January 2011 term of this Court, and was submitted for a decision on briefs on January 24, 2011.

identified as appellant. Appellant asked Wells for a cigarette, introduced himself as "Demarcus," and told her he had recently been released from federal prison. After that brief exchange, Wells returned to the tattoo parlor, and moments later she heard gunshots and screams in the parking lot. She later told the responding officers at the crime scene about her encounter with the man who identified himself as Demarcus, including the description of two large, distinctive tattoos she observed on his arms. The investigating officer was able to learn appellant's identity through his federal probation officer, and a photographic lineup was compiled. Wells identified appellant as the man who approached her that night, and Lillard positively identified him as the shooter.

1. The evidence was sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant asserts that his trial counsel was constitutionally ineffective because he failed to introduce into evidence two medical evaluation documents which would have demonstrated that appellant had a congenital hip defect that prevented him from running or moving quickly, and that such information would have contradicted statements given to the police by witnesses Lillard and Wells.

To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must show that counsel's performance was deficient and that the deficiency so prejudiced defendant that there is a reasonable probability that, but for counsel's errors, the outcome of the trial would have been different. *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

> In examining an ineffectiveness claim, this Court does not need to address both components of the *Strickland* inquiry if the defendant makes an insufficient showing on one; specifically, this Court need not determine whether counsel's performance was deficient prior to its examination of the question of whether the defendant suffered prejudice as a result of the alleged deficiency.

*Jones v. State*, 288 Ga. 431, 434 (704 SE2d 776) (2011).

Neither Lillard nor Wells testified at trial concerning appellant's mobility. Instead, appellant points to information contained in statements given to the police by the two witnesses; these statements were introduced into evidence by the defense. Lillard's statement, as reduced to writing by the investigating officer, relates that the perpetrator "ran and got into his car" after the shooting. Wells

stated that the perpetrator "quickly" appeared at her car in the parking lot. Neither Lillard nor Wells was called to testify at the hearing on the motion for new trial, and appellate counsel did not make a proffer of their expected testimony. Therefore, it is mere speculation that their statements were inconsistent with the two medical reports and that the reports could have been used to impeach their trial testimony. Under the circumstances, " 'it was impossible for [appellant] to show there is a reasonable probability the results of the proceedings would have been different,' " but for counsel's alleged error.[2] *Dickens v. State*, 280 Ga. 320 (2) (627 SE2d 587) (2006). See also *Boatwright v. State*, 281 Ga. App. 560 (2) (636 SE2d 719) (2006) (by his failure to call a witness at the motion for new trial hearing, or otherwise prove what this witness would have testified to, defendant has not met his burden of establishing the prejudice prong of *Strickland*). As appellant cannot prevail because he cannot demonstrate the required prejudice, the trial court properly rejected his ineffective assistance of trial counsel claim.

3. Appellant further asserts that on two occasions during trial, the State improperly commented on his pre-arrest right to remain silent.

(a) The first instance identified by appellant occurred during the State's direct examination of the case detective. The officer testified that after appellant's arrest, he was taken to police headquarters and informed that the officers wanted to interview him in reference to a homicide. Appellant acknowledged that he could read and write English and that he had completed the tenth grade in high school. *Miranda* rights were administered and appellant signed an acknowledgment and waiver of those rights. Initially, he told the officers that he had never been in the area of the Belvedere Theater. When told there were eyewitnesses who placed him there, appellant admitted that he had been to a furniture store in the same shopping center on the two days prior to the shooting, but he denied any involvement in the shooting. The officer was asked if there came a time when appellant requested to terminate the interview; the witness replied in the affirmative. Defense counsel objected and moved for a mistrial arguing that the question and response constituted an improper comment on appellant's right to remain silent. The motion was denied and the State went on to another line of questioning.[3]

---

[2] We note that trial counsel was not called to testify at the hearing on the motion for new trial; however, it was stipulated that counsel was aware of the two medical documents and "made a judgment call not to use the information" contained therein.

[3] We also note that appellant incorrectly characterizes this custodial interrogation as a pre-arrest interview, when in fact it occurred post-arrest and after *Miranda* rights had been administered and waived.

In *Rowe v. State*, 276 Ga. 800 (4) (582 SE2d 119) (2003), we held that informing the jury of a defendant's termination of a custodial interview and invocation of the right to counsel did not amount to an improper comment on the right to remain silent warranting the reversal of his conviction. That is precisely what occurred here. Accordingly, we find no error. Compare *Mallory v. State*, 261 Ga. 625 (5) (409 SE2d 839) (1991), overruled on other grounds in *Clark v. State*, 271 Ga. 6, 9 (5) (515 SE2d 155) (1999) (evidence that defendant failed to come forward to explain his innocence prior to arrest constituted an improper comment on the right to remain silent).

(b) It is also asserted that during closing argument the prosecutor improperly commented on appellant's right to remain silent. The record shows that the prosecutor was summarizing the substance of the case investigator's testimony regarding appellant's custodial statement, as described above. The prosecutor concluded by stating, "At that point, when the defendant exercised his right by requesting an attorney, that interview was over." There was no contemporaneous objection to the closing argument. " 'A defendant must object to the alleged impropriety at the time it occurs in order to afford the trial court the opportunity to take remedial action. (Cit.)' . . . The failure to do so generally results in a waiver of the defendant's right to urge the impropriety of the argument on appeal." *Mullins v. State*, 270 Ga. 450 (2) (511 SE2d 165) (1999). Accordingly, appellant's "failure to object below so as to invoke a ruling by the trial court precludes our consideration of the merits of [this] contention that the State's closing argument was improper." Id. at 451.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 18, 2011 —
RECONSIDERATION DENIED MAY 16, 2011.

*Hollowell, Foster & Herring, Jolanda E. Herring*, for appellant.
*Robert D. James, Jr.*, District Attorney, *Leonora Grant*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Christopher R. Johnson*, Assistant Attorney General, for appellee.