A11A1858. GROSS v. THE STATE.
(718 SE2d 581)

McFADDEN, Judge.
A jury found Joseph Gross guilty of aggravated assault and battery. The trial court ruled that the battery merged into the aggravated assault, and sentenced Gross to serve six years in confinement and fourteen years on probation for the aggravated assault. Gross appeals, claiming that his trial counsel was ineffective; that the trial court erroneously charged the jury on aggravated assault; and that the trial court, rather than merging the battery into the aggravated assault, should have merged the aggravated assault into the battery. Because trial counsel's performance was not deficient, because Gross helped induce the trial court into giving the aggravated assault jury charge about which he now complains and the charge as a whole was not erroneous, and because the felony of aggravated assault did not merge into the misdemeanor battery, we affirm.

Construed in favor of the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence shows that on November 11, 2006, Gross and Salvatore Barone got into an altercation in the parking lot of a DeKalb County restaurant. The fight ended when several people separated the men. As Barone bent over to pick up a shoe that had come off during the fight, Gross stepped forward and violently kicked Barone in the head, causing him to fall and hit his head on the concrete parking lot. Barone lost consciousness, began bleeding from his nose, mouth and ears and suffered brain damage.

1. Gross claims that the trial court erred in charging the jury that "[a] person commits the offense of aggravated assault when that person assaults another person with any object [which] when used offensively against a person is likely to or actually does result in serious bodily injury." Gross maintains that the inclusion of the "actually does" language was improper because the accusation did not include that language and instead charged him with aggravated assault for "mak[ing] an assault on the person of [Barone] with his foot, an object which when used offensively against said person was likely to result in serious bodily injury."

Gross, however, filed a written request that the trial court give a jury charge on aggravated assault that was virtually identical to the charge given and that included the "actually does" language which he now complains was improper. At the charge conference, Gross told the court that he would withdraw his written request as long as the court gave the Code section definition of aggravated assault. The trial court agreed and the charge that was given indeed tracks the definition of aggravated assault set forth in OCGA § 16-5-21 (a) (2), which provides that "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith . . . any object . . . which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Under these circumstances, "[e]ven assuming any error in the trial court's charge, a party cannot complain about errors he helped induce. [Cit.]" *Jones v. State*, 287 Ga. 770, 772-773 (4) (700 SE2d 350) (2010).

Furthermore, the argument made by Gross has already been rejected in similar cases. As we previously explained,

> the trial court did not charge the jury on the entire aggravated assault statute, but charged the jury on only that part of the statute relating to the allegations of the [accusation]. The trial court's use of the language "actually does" was extraneous, as the trial court also [sent the accusation out with the jury for deliberations], which excluded any reference to "actually does," and instructed the jury [that the accusation states the exact offenses charged so they should read it carefully, and] that the State had the burden of proving every material allegation of the accusation and every essential element of the crimes charged beyond a reasonable doubt. Under the circumstances, the charge, when considered in its entirety, fairly instructed the jurors that they could convict the defendant only of the offense with which he was charged in the [accusation]. Accordingly, we find no reversible error.

(Citation and punctuation omitted.) *Jackson v. State*, 288 Ga. App. 432, 436 (2) (654 SE2d 232) (2007). See also *Gibson v. State*, 283 Ga. 377, 381 (7) (659 SE2d 372) (2008) (holding that inclusion of the phrase "actually did" in aggravated assault jury charge was not error even though that phrase did not appear in the indictment).

2. Gross contends that his trial counsel was ineffective in failing to object to the aggravated assault charge discussed above and in failing to request a jury charge on "assault" as a lesser included offense of aggravated assault. For Gross to prevail on his claims of ineffective assistance of counsel, "he must show not only that his trial counsel's performance was deficient but also that such deficiency worked to his prejudice so that a reasonable probability exists that, but for counsel's errors, the outcome of his trial would have been different. [Cits.]" *Boatright v. State*, 289 Ga. 597, 602 (7) (713 SE2d 829) (2011).

With regard to counsel's failure to object to the aggravated assault jury charge, Gross can show neither deficient performance nor prejudice. As explained above in Division 1, the charge was based on the applicable aggravated assault Code section and the charge as a whole was not erroneous. See *Gibson*, supra; *Jackson v. State*, supra. "Failure to make a meritless or futile objection or motion cannot be evidence of ineffective assistance." (Citation and punctuation omitted.) *Vaughn v. State*, 301 Ga. App. 55, 60 (5) (a) (686 SE2d 847) (2009).

As for counsel's failure to request a jury charge on what Gross refers to as "assault" as a lesser included offense of aggravated assault, we note that Gross has not indicated precisely what jury charge should have been requested. Presumably, he is referring to a charge based on OCGA § 16-5-20 (a), which sets forth alternative methods of committing the offense of simple assault. Regardless of which simple assault charge Gross now believes his counsel should have requested, his defense to the aggravated assault charge was justification. During his trial testimony, he admitted that he stepped forward and kicked Barone, but claimed that he did so because he thought that Barone was going to attack him.

> That defense concedes that the defendant's act was intentional, but was committed for an excusable reason, such as self-defense. Accordingly, [Gross] was either guilty of aggravated assault as charged or not guilty by reason of justification. Pretermitting whether [simple assault] was a lesser included offense of the aggravated assault charge[ ], where, as here, the evidence establishes either the commission of the completed offense as charged, or the commission of no

offense, the trial court is not authorized to charge the jury on a lesser included offense.

(Citations and punctuation omitted.) *Hudson v. State*, 296 Ga. App. 692, 695 (2) (675 SE2d 578) (2009). Consequently, the failure to request a jury instruction on simple assault as a lesser included offense of aggravated assault "cannot support a claim of ineffective assistance where as here the evidence does not reasonably raise the issue that [Gross] may be guilty only of the lesser crime. [Cits.]" *Chancey v. State*, 258 Ga. App. 319, 321 (4) (a) (574 SE2d 383) (2002). See also *Burnette v. State*, 291 Ga. App. 504, 509 (1) (f) (ii) (662 SE2d 272) (2008) (physical precedent only) (ineffective assistance claim based on failure to request lesser included offense charge failed where appellant did not specify which charge should have been requested and did not show that she might be guilty only of lesser crime).

3. Gross' argument that the trial court should have merged the aggravated assault felony into the misdemeanor battery has already been rejected by this court. See *Kelley v. State*, 248 Ga. App. 721, 723 (1) (548 SE2d 357) (2001) (even if merger of battery and aggravated assault were required, "court would have been authorized to merge the misdemeanor into the felony, rather than vice versa"). As we previously held in a similar case, Gross "has cited no cases supporting the proposition that a felony may merge into a misdemeanor, and we decline to adopt such a proposition." *Helmeci v. State*, 230 Ga. App. 866, 870 (3) (498 SE2d 326) (1998).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 2, 2011.

*Gerard B. Kleinrock*, for appellant.

*Robert D. James, Jr., District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.