## A11A1637. CRAWFORD v. THE STATE.
(726 SE2d 58)

MCFADDEN, Judge.

Robert Crawford appeals from his convictions for aggravated assault upon a law enforcement officer, possessing a firearm during the commission of a crime, and giving a false name and date of birth to an officer. As a threshold matter, we note that Crawford has failed to comply with Court of Appeals Rule 25 (c) (1), which requires that the sequence of arguments in his brief follow the order of the enumerations of error and be numbered accordingly. Although Crawford has alleged 14 enumerations of error, he has set out only five argument sections which do not coincide with the numbered enumerations.

> As we have previously held, Rule 25 (c) (1) is more than a mere formality. It is a requirement which this Court imposes to ensure that all enumerations of error are addressed and to facilitate review of each enumeration. By failing to comply with the rule, [Crawford] has hindered the Court's review of his assertions and has risked the possibility that certain enumerations will not be addressed.

(Citation and punctuation omitted.) *McCombs v. State*, 306 Ga. App. 64, 64-65 (1) (701 SE2d 496) (2010). To the extent that we are able to discern arguments that are properly before us, we find no error.

Construed in favor of the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence shows that late one August night, a police officer approached 16-year-old Crawford and another juvenile as they smoked cigarettes near the rear exit of a movie theater. When the officer attempted to verify their names and ages, Crawford provided a false name and birth date. After another officer arrived, Crawford ran away from the scene. As the first officer chased him, Crawford pulled out a handgun, turned and aimed the gun at the officer, and then pulled the trigger. But the gun did not fire because the magazine was not properly loaded. The officer continued the chase, and Crawford threw the gun to the ground. The officer eventually apprehended Crawford and recovered the gun, which had ten rounds of ammunition in the magazine.

The matter was originally filed in juvenile court, which transferred the case to superior court. After a jury trial and the denial of

a motion for a new trial, Crawford filed this appeal.

1. Crawford claims that the juvenile court erred in transferring his case to the superior court. Such a transfer order is a final order that is directly appealable. *In the Interest of D. M.*, 299 Ga. App. 586, n. 1 (683 SE2d 130) (2009). However, Crawford did not file an appeal within 30 days of that final order, and instead first challenged it nearly two years later in an amended motion for new trial. "Because [Crawford] failed to appeal the transfer to superior court within 30 days, he waived appellate review of this issue. [Cit.]" *Cox v. State*, 242 Ga. App. 334, 335 (2) (528 SE2d 871) (2000). See also *Rivers v. State*, 229 Ga. App. 12, 13 (1) (493 SE2d 2) (1997).

2. Crawford complains that the state violated reciprocal discovery by not providing him with video recordings from the officers' patrol cars. However, Crawford has not cited any part of the record showing that this issue was raised in and ruled on by the trial court.

> Pretermitting whether the State upheld its reciprocal discovery obligations, [Crawford's] failure during trial to assert a discovery violation deprived the trial court of an opportunity to formulate appropriate relief, if any. . . . Accordingly, [Crawford] has waived this issue for purposes of appeal.

*Garrett v. State*, 285 Ga. App. 282, 284 (1) (645 SE2d 718) (2007).

Furthermore, according to trial counsel's testimony at the motion for new trial hearing, only one such video was available, it was provided to him, and he watched it. Crawford "has not offered any explanation of the possible harm even if [there were a discovery violation], and therefore there are no grounds to reverse. [Cit.]" *Dupree v. State*, 267 Ga. App. 561, 564 (3) (600 SE2d 654) (2004).

3. Contrary to Crawford's argument, the trial court did not err in refusing to charge the jury on reckless conduct and pointing a pistol at another as lesser included offenses of aggravated assault upon a law enforcement officer. Crawford was charged with aggravated assault for pointing and attempting to fire a handgun at the officer. During trial, both officers who were at the scene of the incident testified that they saw Crawford point the gun directly at the officer and pull the trigger. Crawford presented an "all or nothing defense," admitting that he was at the scene, gave a false name and birth date to the officer, fled because he did not want the officer to find the gun, and discarded the weapon as he fled; but he denied pointing the gun at the officer or pulling the trigger. "Where, as here, the evidence establishes either the commission of the completed offense as charged, or the commission of no offense, the trial court is not authorized to charge the jury on a lesser included offense." (Cita-

tions and punctuation omitted.) *Seay v. State*, 276 Ga. 139, 140 (2) (576 SE2d 839) (2003). Accordingly, the trial court correctly refused to charge the jury on reckless conduct and pointing a pistol as lesser included offenses of the aggravated assault charge. See *Paul v. State*, 296 Ga. App. 6, 8-9 (2) (673 SE2d 551) (2009).

4. The trial court also did not err in refusing to give a requested jury instruction based on OCGA § 24-4-6, concerning a conviction based on circumstantial evidence. Such a charge was not warranted because the state's evidence supporting the conviction was not circumstantial; rather, the state relied on direct evidence in the form of the eyewitness testimony of the two police officers. See *Kirk v. State*, 289 Ga. App. 125, 126-127 (656 SE2d 251) (2008) (charge not required where there was direct evidence in the form of eyewitness testimony and no circumstantial evidence). Furthermore, even if we assume for the sake of argument "that the State introduced circumstantial evidence to establish some item of proof, and that [the] requested charge on OCGA § 24-4-6 should have been given, any error was harmless in light of the overwhelming evidence of guilt." (Citation omitted.) *Thompson v. State*, 283 Ga. 581, 582 (3) (662 SE2d 124) (2008).

5. Crawford contends that the trial court, in its aggravated assault jury charge and recharge in response to a question from the jury, erroneously reduced the state's burden of proof and indicated that the offense could be committed in a manner not alleged in the indictment, by instructing the jurors that they could convict Crawford merely because he had a deadly weapon in his possession and there was a policeman involved in the case. The contention is wholly without merit as the trial court gave no such instruction to the jury.

At trial, Crawford did not raise any objections to the aggravated assault charge or recharge, and therefore we will not reverse unless either charge constituted plain error. See *Guajardo v. State*, 290 Ga. 172, 175 (3) (718 SE2d 292) (2011). Thus, "the proper inquiry is whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceeding. Jury instructions must be read and considered as a whole when determining whether the charges contained error." (Citations and punctuation omitted.) Id. at 176 (4). Here, the trial court properly charged the jury on Crawford's presumption of innocence and the state's burden of proof, fully and accurately instructed the jury on the offense of aggravated assault, informed the jury of the aggravated assault charge as alleged in the indictment, and sent the indictment out with the jury for deliberations. Considered in the context of the entire jury instructions, the trial court's charge and recharge on aggravated assault were not obviously erroneous, nor did they likely affect the outcome of the proceeding. Accordingly, there was no plain error.

6. Crawford enumerates that the prosecutor made improper comments during closing argument that attempted to engender fear of the defendant. But as the record reveals and as Crawford acknowledges, there was no contemporaneous objection to the state's closing argument. "Accordingly, appellant's failure to object below so as to invoke a ruling by the trial court precludes our consideration of the merits of this contention that the State's closing argument was improper." (Citation and punctuation omitted.) *McClarin v. State*, 289 Ga. 180, 183 (3) (b) (710 SE2d 120) (2011).

7. Crawford argues that his trial counsel was ineffective in failing to call an expert witness on weapons, failing to object to the aggravated assault jury charge and recharge, failing to object to the lack of a jury charge on witness impeachment, and failing to object to the state's closing argument purportedly engendering fear of the defendant.

> To prevail on his claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. . . . A court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

(Citations and punctuation omitted.) *Ford v. State*, 290 Ga. 45, 47-48 (5) (717 SE2d 464) (2011).

(a) At the motion for new trial hearing, trial counsel testified that he considered bringing in a weapons expert, that he spoke to three different experts about the gun in question, and that none of the information he received was favorable. Counsel's decision not to call an expert "was clearly a tactical and strategic decision that cannot form the basis for an ineffective assistance claim." *Machiavello v. State*, 308 Ga. App. 772, 776 (4) (709 SE2d 28) (2011). See also *Smith v. State*, 283 Ga. 237, 238 (2) (a) (657 SE2d 523) (2008).

(b) As discussed above in Division 5, the jury charges on aggravated assault were not erroneous. "Failure to make a meritless or futile objection or motion cannot be evidence of ineffective assistance." (Citation and punctuation omitted.) *Gross v. State*, 312 Ga. App. 362, 364 (2) (718 SE2d 581) (2011) (no ineffective assistance in failing to object to aggravated assault charge).

(c) As for Crawford's claim that counsel should have requested

an impeachment charge because of purported conflicts in the evidence, "we note that [Crawford] has not indicated precisely what jury charge should have been requested." *Gross*, supra at 364 (2). Regardless, the record shows that the trial court fully charged the jury on their duties to determine the credibility of witnesses and to resolve conflicts in the evidence. Given the jury charge as a whole, as well as the overwhelming evidence of guilt, "[e]ven assuming arguendo that trial counsel's failure to request [some sort of impeachment] charge constituted deficient performance, we find no reasonable probability on the record before [us] that the outcome of the trial would have been different had the charge been requested. [Cit.]" *Ruiz v. State*, 286 Ga. 146, 149 (2) (b) (686 SE2d 253) (2009).

(d) At the motion for new trial hearing, trial counsel testified that he did not object to the state's closing argument because the objections would have been so minor and "nitpicking" that they could have alienated the jury and thus done a disservice to the defendant.

> [N]ot objecting to every improper statement made by the prosecutor during closing argument is often a sound tactic. In this case, even if the prosecutor's fleeting remarks exceeded the proper bounds of appropriate argument, [Crawford] has not demonstrated that the failure to object was outside the wide range of professionally competent assistance and therefore fell below an objective standard of reasonableness.

(Citations omitted.) *Relaford v. State*, 306 Ga. App. 549, 557 (3) (e) (702 SE2d 776) (2010). Moreover, in light of the overwhelming evidence of guilt, there is no reasonable probability that the outcome of the trial would have been different if trial counsel had objected to the prosecutor's closing argument. See *Cannon v. State*, 288 Ga. 225, 231 (6) (c) (702 SE2d 845) (2010).

8. Crawford complains that the trial court erred in not allowing an attorney to testify at the motion for new trial hearing as an expert who could opine about whether the various actions of trial counsel raised in the ineffective assistance of counsel claim constituted sound trial strategy. The complaint is without merit, and the trial court correctly refused to allow such improper testimony which would have merely "stated legal conclusions that the [trial court] could reach for itself." (Citations omitted.) *DaimlerChrysler Motors Co. v. Clemente*, 294 Ga. App. 38, 57 (12) (668 SE2d 737) (2008).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 17, 2012 —
RECONSIDERATION DENIED MARCH 15, 2012 — 

*Stephenson & Reynolds, Pamela S. Stephenson, Lynn H. What-ley*, for appellant.

*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.