**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 11, 2013**

# In the Court of Appeals of Georgia

A12A1995. HUTTO v. THE STATE.

RAY, Judge.

Timothy Hutto was indicted on one count each of murder,[1] aggravated assault,[2] and felony murder.[3] Following a jury trial, Hutto was convicted of the lesser offense of voluntary manslaughter.[4] Hutto appeals the denial of his motion for new trial, contending that the trial court erred (1) by charging the jury on mutual combat absent a request and (2) in excluding evidence of the deceased's level of intoxication. Hutto also contends that he had ineffective assistance of counsel and that the evidence was

---

[1] OCGA § 16-5-1 (a).

[2] OCGA § 16-5-21 (a).

[3] OCGA § 16-5-1 (c).

[4] OCGA § 16-5-2 (a). Hutto was found not guilty of aggravated assault and felony murder.

insufficient to prove his guilt beyond a reasonable doubt. For the reasons that follow, we affirm.

1. Hutto contends that the evidence was insufficient to support his conviction for voluntary maslaughter. Hutto argues that the evidence shows that he acted in self-defense and that there was no evidence of provocation or passion. We disagree.

> When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. It is the function of the jury, not this Court, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.[5]

Viewed in the light most favorable to the jury's verdict,[6] the evidence shows that Hutto and James "Doodle" Smith had a long history of violence between them stemming from their involvement with a woman they both had dated, Stacy

---

[5] (Citations and punctuation omitted; emphasis in original.) *Williamson v. State*, 315 Ga. App. 421, 422 (1) (727 SE2d 211) (2012).

[6] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

Mashburn. This history includes various fights between Hutto and Smith; Hutto slashing Smith's tires; and Hutto attempting to hit Smith with a car.

On November 13, 1999, Hutto and Smith got into an altercation in a bar and Hutto was kicked out. The following night, Hutto, Mashburn, Mike Edenfield and three others went to the home of Pamela Crocker to look for Edenfield's wife. Smith and several friends were at Crocker's house playing cards at the time. When they arrived, Edenfield and Mashburn entered the house while Hutto stood outside. Edenfield was arguing with his wife as Mashburn stood at the front door. From outside, Hutto began yelling "[c]ome get you some . . . , come get you some" at Smith. After being advised not to go outside, Smith stated "[i]f he wants to play, I'll play," and he removed his sweatshirt and went out the front door. As Hutto was coming up the steps of the house, he was met by Smith, and the two "went to the ground and started fighting." Smith was on top of Hutto, beating him and not letting him get up, when Hutto pulled out a pocketknife and began stabbing Smith, resulting in Smith's death.

> A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious

3

provocation sufficient to excite such passion in a reasonable person; however, if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, of which the jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as murder.[7]

We have held that "heated arguments, physical beatings, and fear of some danger" present sufficient provocation for a voluntary manslaughter conviction.[8] Here, Hutto and Smith's history of conflict leading up to the incident, together with Smith's final conduct in engaging Hutto in a fight and continuing to beat Hutto and not letting him move or get up supplied sufficient provocation to excite the passion necessary for voluntary manslaughter.[9]

Based on the evidence presented, the jury was authorized to reject Hutto's theory of self-defense and conclude that Hutto "was so influenced and excited that

---

[7] OCGA § 16-5-2 (a). Accord *Mullins v. State*, 270 Ga. App. 271, 276 (4) (605 SE2d 913) (2004).

[8] (Footnotes omitted.) *Williams v. State*, 245 Ga. App. 670, 671 (1) (538 SE2d 544) (2000).

[9] *Thomas v. State*, 296 Ga. App. 231, 234 (1) (674 SE2d 96) (2009) (evidence of hostile encounters between defendant and the victim authorized the jury to conclude that defendant shot the victim as a result of sudden passion, rather than out of necessity to protect himself).

4

he reacted passionately rather than simply to defend himself" when he stabbed an unarmed Smith.[10]

2. In related enumerations of error, Hutto contends that the trial court erred in charging the jury on mutual combat and that his trial counsel was ineffective for failing to object to the charge.

(a) Citing *Nelms v. State,*[11] Hutto argues that the trial court erred in charging the jury on mutual combat because such a charge is warranted only when there is evidence that both combatants are armed with deadly weapons. However, the Supreme Court of Georgia has recognized a conflict in the case law as to whether there must be evidence that the combatants are armed with deadly weapons in order to authorize a charge on mutual combat. In *White v. State,* the Court notes that some cases hold that "there must be evidence that mutual combatants have deadly weapons in order for the jury to be charged on the law of mutual combat," while others hold that "mutual combat generally involves deadly weapons" and that "[a] mutual combat

---

[10] (Citations and punctuation omitted.) *Crane v. State*, 300 Ga. App. 450, 452 (1) (685 SE2d 314) (2009); *Williams*, supra at 671 (1).

[11] 285 Ga. 718, 722-723 (4) (b) (681 SE2d 141) (2009) ("A charge on mutual combat is warranted only when the combatants are armed with deadly weapons and mutually agree to fight") (citation and punctuation omitted.) Accord *Hudson v. State*, 280 Ga. 123, 124 (2) (623 SE2d 497) (2005).

5

charge is proper when there is evidence of a mutual intention or agreement to fight."[12]

As in *White*, we need not resolve that conflict in this case because the instruction given to the jury made no mention about the use of deadly weapons and informed the jury that mutual combat is "a combat between two persons as the result of a sudden quarrel, or such circumstances as indicate a purpose, willingness, and intent on the part of both to engage mutually in a fight."[13]

Furthermore, the evidence shows that Hutto had a knife and that Smith was unarmed during the fight. Because "a charge on mutual combat enables a jury to find a criminal defendant guilty of voluntary manslaughter in lieu of murder . . . the mutual combat charge could only have benefitted [Hutto]."[14] Accordingly, Hutto's complaint that it was improper to give the charge is without merit.[15] Although Hutto argues that the charge on mutual combat was not warranted because he was not the aggressor and that he acted only in self-defense when he stabbed Smith, witnesses

---

[12] (Citations omitted.) *White v. State*, 287 Ga. 713, 723 (4) (c) (699 SE2d 291) (2010).

[13] Id. at 724 (4) (c).

[14] *Sinkfield v. State*, 266 Ga. 726, 727 (2) (470 SE2d 649) (1996).

[15] Id. Accord *Hall v. State*, 273 Ga. App. 203, 205 (3) (614 SE2d 844) (2005).

testified that when Hutto invited Smith to come outside and fight, Smith accepted, and the two came towards each other to mutually engage in the fight. "To authorize a jury instruction on a subject, there need only be produced at trial slight evidence supporting the theory of the charge."[16] Here, we find that there was sufficient evidence of a willingness or intention on the part of Hutto and Smith to mutually engage in the fight, such that the charge on mutual combat was warranted. Since the charge given was adjusted to the evidence, we discern no error.[17]

(b) Hutto contends that his trial counsel was ineffective for failing to object to the mutual combat charge. We disagree.

> To prevail on a claim of ineffective assistance, [Hutto] must show that counsel's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. We need not address both the deficient performance and prejudice prongs of the test if [Hutto] has made an insufficient showing on either prong.[18]

---

[16] (Citation omitted.) *Jones v. State*, 287 Ga. 770, 771 (2) (700 SE2d 350) (2010).

[17] See *White*, supra at 724 (4) (c).

[18] (Citation and punctuation omitted.) *Anthony v. State*, 317 Ga. App. 807, 813 (4) (732 SE2d 845) (2012). See *Strickland v. Washington*, 466 U.S. 668 (104 SC 2052, 80 LEd2d 674) (1984).

Because the mutual combat charge was not erroneous, Hutto cannot show that trial counsel's performance was deficient for failing to object to it.[19] Consequently, the trial court did not err in denying Hutto's motion for a new trial on this asserted ground of ineffective assistance of counsel.[20]

3. In related enumerations of error, Hutto contends that the trial court erred in "sua sponte keeping out evidence" of Smith's level of intoxication, and that his trial counsel was ineffective for failing to object to this alleged error. In support of this assertion, Hutto refers to the trial judge's comments to the audience in the courtroom during sentencing as he was pointing out the correlation between alcohol abuse and violent crime. Specifically, the trial judge stated "[w]hat the jury didn't see, because it wasn't relevant, is that the victim in this case was .08." However, there is nothing in the record to indicate that Hutto sought to introduce evidence of Smith's level of intoxication at trial or that the trial court took any action or made any ruling to exclude such evidence during the trial. It is well-settled that "this [C]ourt may not address issues on appeal which were not addressed by the trial court, because this [C]ourt is a court for the correction of errors and it does not consider matters which

---

[19] See *Crawford v. State*, 314 Ga. App. 796, 799 (7) (b) (726 SE2d 58) (2012).

[20] Id.

8

were not raised and ruled on by the trial court."[21] Without a ruling by the trial court on this particular issue, there is nothing for this Court to review on appeal.

Further, as the trial court's comments regarding Smith's intoxication were made after the return of the verdicts and the dismissal of the jury, and the trial court did not take any action to exclude such evidence during the trial, any objection to the comments or the perceived exclusion of evidence would have been futile. It is well settled that "[t]he failure to make a meritless objection is not evidence of ineffective assistance."[22]

Hutto also contends that his counsel was ineffective for failing to present evidence that a causal connection existed between Smith's intoxication and his behavior at the time of the incident. Hutto concedes that his trial counsel did not testify at the motion for new trial. When considering an ineffective assistance claim,

> there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel

---

[21] (Citation and punctuation omitted.) *Morman-Johnson v. Hathaway*, 312 Ga. App. 300, 301 (1) (718 SE2d 132) (2011).

[22] (Citations omitted.) *Scott v. State*, 290 Ga. 883, 889 (7) (a) (725 SE2d 305) (2012).

9

does not testify at the motion for new trial hearing, it is extremely difficult to overcome this presumption.[23]

Further, trial counsel's decisions about "what evidence to present or to forego in defending a client charged with a crime is a matter of strategy and tactics."[24] Because counsel did not testify at the new trial hearing, "we have no insight into counsel's decision-making on this matter, and [Hutto] has not overcome the presumption that counsel's decision fell within a wide range of reasonable, professional conduct."[25] Under these circumstances, we decline to find that trial counsel's failure to introduce evidence of Smith's intoxication constituted ineffective assistance of counsel.[26]

4. Hutto next contends that his trial counsel was ineffective for failing to object to the jury charge on voluntary manslaughter. In this case, the charge on voluntary

---

[23] (Citation and punctuation omitted.) *Wilson v. State*, 277 Ga. 195, 199 (586 SE2d 669) (2003).

[24] (Citation and punctuation omitted.) *Smith v. State*, 316 Ga. App. 175, 179 (2) (728 SE2d 808) (2012).

[25] (Citations omitted.) *Fields v. State*, 311 Ga.App. 528, 531 (1) (716 SE2d 587) (2011).

[26] Id.

manslaughter was given in connection with the charge on mutual combat, which set out in part

> If you find that there was a mutual intention on both the part of the deceased and the defendant to enter into a fight or mutual combat, and that under these circumstances the defendant killed the deceased, then ordinarily such killing would voluntary manslaughter (sic), and this would be true regardless of which of them struck the first blow.

As the charge of voluntary manslaughter was authorized by the evidence and given in connection with the charge on mutual combat, Hutto cannot show that trial counsel's performance was deficient for failing to object to it.[27] Consequently, the trial court did not err in denying Hutto's motion for a new trial on this asserted ground of ineffective assistance of counsel.[28]

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*

---

[27] *Crawford v. State*, supra at 799 (7) (b).

[28] Id.