**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 20, 2015**

# In the Court of Appeals of Georgia

A15A0998. ANDERSON v. THE STATE.

BARNES, Presiding Judge.

Following a jury trial, Lyle Vincent Anderson was found guilty of first degree forgery and sentenced to four years, with six months to be served in confinement. Attorney Anderson, representing himself, now appeals from the denial of his motion for new trial and appears to contend that the trial court erred in denying his motion for new trial because trial counsel was ineffective, and erred in denying his motion to "avoid costs, fines, etc." Following our review, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

The relevant facts as shown in the unpublished opinion affirming a directed verdict and other orders against Anderson in a related civil action are as follows:

> [Teresa] Watson hired Anderson to represent her in a libel action. Anderson prepared a retainer agreement, but that agreement was never signed. It was disputed whether Anderson and Watson orally agreed that Anderson would be paid on an hourly basis or on a contingent fee basis. Anderson alleged that [Paul] Ware orally guaranteed Watson's obligation for the payment of attorney fees for his services. When Anderson did not receive payment for his legal services, he filed a verified complaint against Ware and Watson. Ware answered and counterclaimed for attorney fees pursuant to OCGA § 13-6-11. Ware then moved for partial summary judgment on Anderson's guaranty claim which motion the trial court granted on the ground that any oral guaranty was unenforceable under the statute of frauds. Following the ruling on Ware's motion for partial summary judgment, the trial court entered a pretrial order setting the remaining claims for jury trial. At trial, following the presentation of Anderson's case, the trial court entered a directed verdict in favor of Watson and Ware on Anderson's claim for attorney fees based on services he claimed he provided to Watson.

*Anderson v. Ware*, 313 Ga. App. XXIII (January 20, 2012) (unpublished).

2

At the civil trial, Anderson had introduced into evidence a business card containing handwritten language and Ware's signature that Anderson claimed evinced the terms of the agreement to pay legal fees. Ware testified that he did not have an agreement with Anderson and had not signed the card, and he presented expert testimony that the signature on the card was a forgery.

Subsequent to the disposition of the civil case, criminal charges were brought against Anderson and he was charged with two counts of forgery. After a jury trial, at which Ware and the expert again testified that the signature on the card did not belong to Ware, Anderson was found guilty of one count of forgery in the first degree and sentenced to four years, with six months to serve.[1]

1. We first note that the State's contention that Anderson's notice of appeal was untimely filed is incorrect. While the notice of appeal was filed 31 days after entry of the last order appealed from, the 30th day fell on a Sunday. The filing therefore was timely. See OCGA §§ 1-4-1 (a) (2); 1-3-1 (d) (3); *In re Estate of Dasher*, 259 Ga. App. 201, 203 (576 SE2d 559) (2002).

---

[1] One of the forgery counts was nolle prossed.

2. We next note as an initial matter that Anderson's brief does not conform to the rules of this Court. It is virtually impossible to ascertain from the format of his brief exactly what happened below and the "material facts relevant to the appeal" as directed by Court of Appeals Rule 25 (a). Part One of his brief, which should contain a statement of the proceedings below and relevant material facts, consists of 30 independent statements that appear to be a combination of arguments and facts. It is difficult to glean from these statements what occurred below and what is relevant to Anderson's enumerated errors. Likewise, he appears to enumerate three errors on appeal that have little or nothing to do with the 37 statements he next outlines in the "Arguments and Statements of Authorities" section of his brief. See Rule 25 (c) (1). While recognizing Anderson's pro se status, we also note that Anderson is an attorney, and as such, should be especially cognizant that

> the rules of this court are not intended to provide an obstacle for the unwary or the pro se appellant. Briefs that do not conform to the rules regarding enumerations of error, structure of briefs, argument, or citation of authorities, as [Anderson's] fails to do, are not merely an inconvenience or grounds for refusing to consider a party's contentions. Such briefs hinder this court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown.

4

> Nevertheless, we will address [Anderson's] arguments, insofar as we are able to ascertain them from his brief.

*Salazar v. State*, 256 Ga. App. 50 (567 SE2d 706) (2002).

3. In his first enumerated error, Anderson contends "[t]wo errors are alleged (a) Denial of Motion for New Trial . . . (b) Denial of Motion to Avoid Costs, Fines, etc." There is no further discussion in the "Argument and Citation of Authorities" section of the brief related to the alleged denial of the "motion to avoid costs, fines, etc." Accordingly, this error is deemed abandoned. See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Smith v. State*, 278 Ga. App. 315, 323 (9) (628 SE2d 722) (2006).

It appears that part (a) of the first enumeration, the denial of his motion for new trial, is related to an ineffectiveness claim because Anderson's second enumerated error states that, "[p]reliminary discussion of errors above: given the r(hearsals [sic] of [trial counsel's] errors of omission, Part One through ¶ 11, followed by his errors of commission at ¶ 12 through the end. . . . it was erroneous to deny the motion."[2]

---

[2]Enumeration 3 does not appear to be a claim of error, but instead appears to relate to the first enumerated error and states as follows:

At the motion for new trial hearing, which was held over a two day period, trial counsel, who had over 22 years of experience, had represented thousands of criminal defendants, and had conducted at least 25 forgery cases, testified that he was retained shortly before trial. He further testified that his trial strategy was to show that the State did not establish that Anderson had the requisite intent to commit a forgery by merely possessing the card with the suspect signature, but that his strategy ultimately had failed.

In evaluating claims of ineffective assistance of counsel, we apply the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984). Under this test, the appellant first must show that counsel's performance was deficient and, second, that he was prejudiced by counsel's deficient performance. *Strickland*, 466 U.S. at 687 (III); see also *Ashmid v. State*, 316 Ga. App.

Methodological footnotes: first, (b) may become moot if (a) new trial is granted, the trial court being noticed that waiver of probation fees was granted independent of its rulings: second, such issues are partly addressed in Pauper's Affidavit, incorporated herein by reference, to avoid costs in this Court, the unreasonableness of trial court's ruling ought to accour (sic) for that later knowledge of theft of all Appellant's monies, by his trial attorney and former translator.

6

550, 556 (3) (730 SE2d 37) (2012). Moreover, "there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy."(Punctuation and footnote omitted.) *Ashmid*, 316 Ga. App. at 556 (3). In addressing the second prong, we ask "whether there exists a reasonable probability that, but for his counsel's errors, the jury would have had reasonable doubt regarding appellant's guilt, that is, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Punctuation and footnote omitted.) Id. We need not address both prongs of the test if Anderson has made an insufficient showing on either one. See *Burger v. State*, 323 Ga. App. 787, 788 (748 SE2d 462) (2013). Further, "[t]rial tactics and strategy, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Citation and punctuation omitted.) *Crumity v. State*, 321 Ga. App. 768, 771 (2) (743 SE2d 455) (2013).

The 37 statements in the argument and citations division of Anderson's brief include points of law, factual assertions, and alleged errors and do not at all correlate

to the three enumerated errors he raised, and we are therefore handicapped in determining what Anderson claims are instances in which his trial counsel was ineffective. . "As we have reiterated time and time again, this Court will not cull the record, [or brief] in search of error on behalf of a party." (Citation, punctuation and footnote omitted.) *Arnold v. State*, 262 Ga. App. 61 (1) (584 SE2d 662) (2003); see also Court of Appeals Rule 25 (c) (1) ( "The sequence of arguments in the briefs shall follow the order of the enumeration of errors, and shall be numbered accordingly.") Anderson further states that his contentions include "various matters that were not put into the record due to ethical lapses and/or incompetence of former counsel." In that regard, even if we could distinguish the errors that were not put into the record, "[e]rror must appear from the record sent to this court by the clerk of the trial court. The burden is on the party alleging error to show it affirmatively by the record." (Punctuation and footnote omitted.) *Steele v. Atlanta Maternal-Fetal Medicine*, 283 Ga. App. 274, 277-278 (3) (641 SE2d 257) (2007). See *Hutto v. State*, 320 Ga. App. 235, 240-241 (3) (739 SE2d 722) (2013) ("[T]his Court may not address issues on appeal which were not addressed by the trial court, because this Court is a court for the correction of errors and it does not consider matters which were not raised and ruled on by the trial court.

Without a ruling by the trial court on this particular issue, there is nothing for this Court to review on appeal.") (punctuation and footnote omitted).

Regarding all of the remaining claims of ineffectiveness, as noted earlier, we need not address both prongs of the *Strickland* ineffectiveness test if Anderson has made an insufficient showing on either one. See *Burger v. State*, 323 Ga. App. at 788. Despite his claims of counsel's error, given the overwhelming evidence in this case, Anderson has not shown that there "exists a reasonable probability that, but for his counsel's errors, the jury would have had reasonable doubt regarding appellant's guilt, that is, but for counsel's unprofessional errors, the result of the proceeding would have been different."(Punctuation and footnote omitted.) *Ashmid*, 316 Ga. App. at 556 (3).

Accordingly, we affirm the trial court's denial of Anderson's motion for new trial.

*Judgment affirmed. Ray and McMillian, JJ., concur*.