**SECOND DIVISION
MILLER, P. J.,
HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS
COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN
THE TIMES SET BY OUR COURT RULES.*

**December 28, 2021**

# In the Court of Appeals of Georgia

A21A1583. BOWSER v. THE STATE.

HODGES, Judge.

In this pro se appeal, we are asked to review an order of the Superior Court of Cobb County denying Carlos Bowser's "motion to have his appeal rights granted." For the reasons that follow, however, we conclude that Bowser's motion was a legal nullity. Therefore, we vacate the trial court's order denying the motion and remand this case with direction for the trial court to dismiss Bowser's motion.

The record indicates that Bowser absconded during his February 2011 jury trial for one count of possession with intent to distribute marijuana. The jury returned a guilty verdict, and the trial court entered a judgment of conviction against Bowser and sentenced him in absentia. Bowser resurfaced and was taken into custody in November 2015, after which he obtained counsel and filed an extraordinary motion

for new trial, in which he alleged that his "constitutional rights to due process . . . were violated" and that the evidence was insufficient to support his conviction. Prior to a hearing on Bowser's motion, however, his counsel withdrew the motion.[1]

While still represented, Bowser filed a pro se motion to dismiss his counsel. The record does not contain a petition to withdraw by Bowser's counsel, an order permitting Bowser's counsel to withdraw, or an order adjudicating Bowser's motion. Bowser then filed a pro se "motion to have his appeal rights granted" in which he asserts he has "the rights to appeal his conviction[.]" The trial court denied Bowser's motion,[2] and this appeal followed.

At the outset, Bowser's opening brief suffers from numerous violations of this Court's rules. Most glaringly, Bowser failed to list any enumerations of error. See Court of Appeals Rule 25 (a) (2) ("The brief of appellant *shall* consist of three parts . . . [including] the enumeration of errors. . . .") (emphasis supplied); see also OCGA § 5-6-40 ("The appellant . . . *shall* file with the clerk of the appellate court, at such

---

[1] Accordingly, the question of whether Bowser is even entitled to file an extraordinary motion for new trial following his abscondence, irrespective of the level of merit of any legal argument contained in such a motion, is not before us.

[2] In its order, the trial court stated that it had "no involvement with [Bowser's] appellate rights, as those rights are conferred and already vested in [Bowser] by virtue of the existing laws of this State."

time as may be prescribed by its rules, an enumeration of the errors which shall set out separately each error relied upon.") (emphasis supplied). Moreover, the brief does not contain

> a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal; a citation of the parts of the record or transcript essential to a consideration of the errors; . . . a statement of the method by which each enumeration of error was preserved for consideration[;] . . . a statement of jurisdiction as to why this Court, and not the Supreme Court, has jurisdiction[;] . . . argument and citation of authorities[;] . . . [and] a concise statement of the applicable standard of review with supporting authority for each issue presented in the brief.

Court of Appeals Rule 25 (a). As we have noted,

> the rules of this court are not intended to provide an obstacle for the unwary or the pro se appellant. Briefs that do not conform to the rules regarding enumerations of error, structure of briefs, argument, or citation of authorities, as [Bowser's] fails to do, are not merely an inconvenience or grounds for refusing to consider a party's contentions. Such briefs hinder this court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown. Nevertheless, we will address [Bowser's] arguments, insofar as we are able to ascertain them from his brief.

(Citation and punctuation omitted.) *Anderson v. State*, 335 Ga. App. 78, 80 (2) (778 SE2d 826) (2015); *Fleming v. Advanced Stores Co*., 301 Ga. App. 734, 735 (688 SE2d 414) (2009) ("We recognize that [Bowser] is acting pro se; nevertheless, 'that status does not relieve him of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this Court.'") (citation and punctuation omitted).

Construed liberally, Bowser's brief focuses upon the alleged insufficiency of the evidence and his dissatisfaction with his counsel's dismissal of his extraordinary motion for new trial. However, we do not reach Bowser's arguments.

It is well settled that "[a] criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." (Citation and punctuation omitted.) *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014). Moreover, when there has been a request for counsel to withdraw, "[a] formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record." (Citation and punctuation omitted.) Id. at 362 (3). As a result, pro se filings while a criminal

4

defendant is represented by counsel are legal nullities. See, e.g., *Nelson v. State*, 356 Ga. App. 449, 450 (2) (a) (847 SE2d 632) (2020).

In this case, Bowser obtained counsel following his return to custody. Counsel initially filed an entry of appearance and, ultimately, an extraordinary motion for new trial. Bowser's counsel later withdrew the motion, and Bowser then filed a pro se motion to dismiss his counsel, followed by his pro se "motion to have his appeal rights granted." However, Bowser's counsel never requested the trial court's authorization to withdraw from Bowser's representation, and the trial court never entered an order permitting counsel to withdraw. It follows that Bowser was still represented by counsel and that his "motion to have his appeal rights granted," in turn, was a legal nullity. Accordingly, rather than decide Bowser's improper motion on its relative merits, the trial court should have dismissed the motion. See, e.g., *Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d 1) (2017) ("when a trial court is presented with a motion it lacks jurisdiction to decide, the trial court should dismiss the motion rather than deny it"); *Nelson*, 356 Ga. App. at 450 (2) (a).

In sum, we conclude that Bowser's "motion to have his appeal rights granted" was a legal nullity. Therefore, we vacate the trial court's order denying Bowser's motion and remand this case with direction for the trial court to dismiss the motion.

5

*Judgment vacated and case remanded with direction. Miller, P. J., and Pipkin, J., concur.*