## 42093. ANDERSON v. THE STATE.
### (330 SE2d 592)

GREGORY, Justice.

On February 21, 1984, the defendant left his home in South Bend, Indiana and drove to Atlanta to visit his mother, traveling fifteen hours without rest. Once in Atlanta, the defendant's stepfather met him to lead the defendant to his mother's new home. Instead of following his stepfather, the defendant drove into Gwinnett County, stopping at a convenience store on Georgia Highway 20. There the defendant climbed on top of a parked tanker truck transporting propionic acid and opened the dome of the cargo tank. When the driver forced him down, the defendant lay under the wheels of the truck. When coaxed from that position, the defendant stood in the center of Highway 20. The defendant eventually entered his automobile and drove north on Highway 20. The evidence is undisputed that the defendant drove, at a speed of 68 miles per hour, across the centerline striking head-on a 1984 Buick station wagon, without attempting to brake his vehicle or otherwise avoid the collision. The driver, Frances Crymes, who was en route to Lawrenceville to serve as a juror in Gwinnett Superior Court, was killed. Her passenger, James Savage, suffered severe injuries, the treatment of which required a month of hospitalization. When police arrived at the scene of the collision, the defendant stated "It didn't work, I was trying to kill myself. I wanted to commit suicide." Later the defendant stated to Gwinnett County detectives, "I am sorry that people who are better and smarter than I am had to die. But it had to be somebody." In the emergency room the defendant stated to the attending nurse "something told me to pull in front of this car."

The defendant was found guilty but mentally ill of the malice murder of Frances Crymes, and guilty but mentally ill of the aggravated assault of James Savage.

1. The defendant maintains the trial court erred in denying his motion for directed verdict as to the charge of malice murder, arguing the evidence was, as a matter of law, insufficient to support the verdict. Defendant's position is that the evidence supports, at most, a conviction of homicide by vehicle, OCGA § 40-6-393 (a).[1] The defendant concedes he acted with "reckless disregard for the safety of" others, OCGA § 40-6-390 (a),[2] in driving head-on into the victim's automobile, but maintains he did not cause her death with either express or implied malice aforethought, OCGA § 16-5-1 (a),[3] such that he is guilty of malice murder. Defendant maintains he intended to take his own life, but did not intend to take the life of another.

The parties are in agreement that the evidence does not show "express malice" as defined by OCGA § 16-5-1 (b),[4] and that if the conviction for malice murder is to stand, it must be predicated on implied malice. Section 16-5-1 (b) of the Official Code of Georgia states that "Malice shall be implied where no considerable provocation appears and where all circumstances of the killing show an abandoned and malignant heart." The defendant's statement to law enforcement officers that he regretted the victim's death, "but it had to be somebody," is evidence of an intent to kill someone else in order to take his own life. That the primary purpose of the defendant's action was to take his own life does not preclude a finding of malice where he chose a method resulting in the taking of the life of another and failing to take his own. Therefore, the trial court did not err in denying the defendant's motion for directed verdict of acquittal as to the count of malice murder. OCGA § 17-9-1 (a). Furthermore, we conclude a rational trier of fact could find beyond a reasonable doubt that the defendant, with malice aforethought, caused the death of Frances Crymes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-5-1 (a).

2. The defendant also argues that the trial court erred in denying his motion for directed verdict of acquittal as to the charge of aggravated assault of James Savage. "A person commits the offense of ag-

---

[1] OCGA § 40-6-393 (a) provides, "Any person who, *without malice aforethought*, through the violation of Code Section 40-6-271, 40-6-390, 40-6-391, or subsection (a) of Code Section 40-6-395 commits the offense of homicide by vehicle in the first degree and, upon the conviction thereof, shall be punished by imprisonment for not less than two years nor more than 15 years." (Emphasis supplied.)

[2] OCGA § 40-6-390 (a) provides, "Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving."

[3] OCGA § 16-5-1 (a) provides, "A person commits the offense of murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being."

[4] OCGA § 16-5-1 (b) provides, in pertinent part, "Express malice is that deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof."

gravated assault when he assaults: (1) with intent to murder, to rape or to rob; or (2) with a deadly weapon or with any object, device or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21. In his brief the defendant concedes "that should the evidence indicate that he drove the automobile across the centerline with an intent to injure, then he could be guilty of aggravated assault with a deadly weapon." We agree with this statement and conclude under the evidence presented, a rational trier of fact could have found beyond a reasonable doubt that the defendant committed the crime of aggravated assault on James Savage, *Jackson v. Virginia*, supra. We reject the defendant's contention that the evidence conclusively shows he did not intend to injure Mr. Savage, but only intended to injure himself. The trial court did not err in denying the defendant's motion for directed verdict as to this charge. OCGA § 17-9-1 (a).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 19, 1985.

*Clark & McLaughlin, Michael C. Clark,* for appellant.
*W. Bryant Huff, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior Attorney,* for appellee.