## S02A0714. PENDERGRASS v. THE STATE.
(564 SE2d 443)

THOMPSON, Justice.

Robert E. Pendergrass was convicted by a jury of felony murder and possession of a firearm during the commission of a crime in connection with the shooting death of Jim Franklin Miller.[1] On appeal, Pendergrass challenges the sufficiency of the evidence to support his conviction for felony murder and asserts that the court improperly restricted his ability to present character evidence. Finding no error, we affirm.

Police were dispatched to a shooting at a mobile home park in Floyd County. Witnesses identified the victim as Jim Miller, a resident of the park; he died at the scene shortly thereafter. The police were also told that Pendergrass shot the victim with a 12-gauge shotgun.

It was established that Pendergrass was attending a cookout at Miller's trailer, and that he became angry and left in the middle of the meal because he thought people were "picking on" him. He went to his trailer where he began to shoot his shotgun. Pendergrass' brother and Miller approached the trailer and told him to stop firing

---

[1] The crimes took place on April 19, 1998. Pendergrass was charged with felony murder while in the commission of an aggravated assault, voluntary and involuntary manslaughter, and possession of a firearm during the commission of a crime. Trial commenced on August 24, 1998, and on August 26, 1998, a jury found Pendergrass guilty of felony murder. He was sentenced on the same day to life imprisonment plus five consecutive years. A notice of appeal was filed on September 25, 1998. The case was docketed in this Court on January 29, 2002, and was submitted for a decision on briefs on March 25, 2002.

the gun because he was frightening the children. Pendergrass was visibly angry and ordered them to leave. The two left, but returned to the trailer minutes later when they heard more gunfire. Pendergrass was in the living room, reloading the shotgun, and pointing it at the front door where his brother and Miller were standing. Miller reiterated his request that Pendergrass stop firing his gun; and in response, Pendergrass demanded that they get off his property. As Miller turned to leave, Pendergrass stood up from a crouching position and fired the shotgun, hitting Miller in the chest.

Pendergrass was arrested and he executed a waiver of his *Miranda* rights and signed a consent form to search his home. He told the officers that he picked up the shotgun and loaded it for target practice, but that the gun accidentally discharged, hitting the victim. He led officers to his gun rack and identified a Browning automatic shotgun as the weapon he had used.

1. We reject the claim that the evidence demands a finding that the shooting was accidental. The State's theory of the crime was supported by direct evidence offered by two eyewitnesses to the event. The trial court charged the jury on principles of criminal intent and the affirmative defense of accident. "It was the jury's role to assess the credibility of the witnesses, resolve any conflicts in the evidence, and arrive at a determination of the facts. [Cit.]" (Punctuation omitted.) *DeLoach v. State*, 272 Ga. 890, 891 (1) (536 SE2d 153) (2000). As they were authorized to do, the jurors accepted the testimony of the eyewitnesses, rather than Pendergrass' version that the shooting was accidental.

2. Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Pendergrass guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Pendergrass asserts that the trial court erred in refusing to grant a continuance to allow him to call additional character witnesses.[2] However, Pendergrass neither requested such relief from the court, nor did he raise a specific and timely objection to any ruling in this regard. Accordingly, the issue was not preserved for appellate review. See generally *Mullins v. State*, 270 Ga. 450 (1) (511 SE2d 165) (1999).

*Judgment affirmed. All the Justices concur.*

---

[2] We note that Pendergrass did call one witness to attest to his good character, and that the trial court charged the jury accordingly.

DECIDED JUNE 10, 2002.

*Teddy L. Henley*, for appellant.

*Bryant G. Speed II, District Attorney, Charles S. Cox, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.