### S04A2022. MORRIS v. THE STATE.
(606 SE2d 258)

THOMPSON, Justice.

Defendant was convicted of malice murder in connection with the stabbing death of Patricia Cauley.[1] He appeals, asserting, inter alia,

---

[1] The victim was killed on or about December 26, 1991. Defendant was indicted on April 28, 1993, and charged with malice murder and felony murder, predicated on the underlying felony of aggravated assault. Originally, he was tried and convicted on November 16, 1993. However, his conviction was reversed by this Court on appeal. *Morris v. State*, 264 Ga. 823 (452 SE2d 100) (1995). The retrial commenced on March 20, 1996. The next day, upon the conclusion of the retrial, the jury found defendant guilty of malice murder, and not guilty of felony murder. On March 28, 1996, the trial court sentenced defendant to life in prison. Asserting he did not receive notice of his appointment as appellate counsel until May 6, 1996, defendant's newly appointed counsel filed an out-of-time motion for a new trial (denominated as an "extraordinary motion") on May 24, 1996. The motion, as amended, was denied on April 8, 2004. Defendant filed a notice of appeal, directed to the Court of Appeals, on April 30, 2004. The Court of Appeals transferred

ineffective assistance of trial counsel. Finding no error, we affirm.

Defendant and the victim were seen together in an area known as the Mudpuddle in Albany, Georgia, on the night of December 25, 1991. The victim's partially clothed, bloody body was found the next day in a dumpster. She had been stabbed 20-30 times with a knife and hit in the head with a hammer.

The police followed a trail of blood for approximately 155 feet, which led them from the dumpster to defendant's apartment. When the police knocked on the door, defendant answered. It was apparent that defendant was engaged in cleaning the apartment. Nevertheless, blood splatters could be seen throughout the unit.

Defendant had an abrasion and a small cut on the back of his right hand. Defendant's left hand palm print matched a partial, latent palm print which the police found and photographed on the dumpster.

Initially, defendant denied knowing the victim. He subsequently changed his story on several occasions. First, he claimed that an unidentified man offered him $20 to use the apartment; and that when he returned two hours later there was blood all over the apartment, but no body. Next, he asserted that after letting the unidentified man use his apartment for approximately 30 minutes, he returned to find a badly injured woman lying on the floor, pleading for help; that the unidentified man confronted him, beat him, and threatened to kill him if he refused to help the man dispose of the woman's body; that he helped the unidentified man throw the victim into the dumpster; and that he returned to the apartment to clean up the blood. Finally, he claimed that the unidentified man was one Calvin Hicks.

Hicks testified at trial. He lived in the same apartment complex as defendant. Hicks denied any involvement in the crime and the police found no evidence tying him to the murder.

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant asserts his trial counsel rendered ineffective assistance because he failed to seek a *Jackson-Denno* hearing to suppress his in-custody statements. However, inasmuch as this assertion raises matters outside of the record, appellate counsel should have requested an evidentiary hearing and presented counsel's testimony. Because appellate counsel failed to request an evidentiary hearing,

the case to this Court on August 11, 2004. The case was docketed on August 12, 2004, and submitted for a decision on the briefs on October 4, 2004.

this issue is waived. *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991); *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988).

Even if this issue were not waived, we would find no error because defendant has failed to show that his statements were involuntary and should have been suppressed. See *Richardson v. State*, 276 Ga. 548 (3) (580 SE2d 224) (2003) (when ineffective assistance claim rests on failure to file motion to suppress, defendant must make "strong showing" that evidence would have been suppressed); *Davis v. State*, 267 Ga. App. 245 (2) (599 SE2d 237) (2004) (failure to file motion to suppress cannot be said to constitute ineffective assistance when defendant makes no attempt to show motion to suppress would have been successful).

3. Defendant asserts the trial court erred in failing to exclude a written scientific report[2] from the evidence because the State did not make it available to defense counsel in a timely fashion. We disagree. Defendant did not show that he made a timely demand for the report. See OCGA § 17-16-4. Furthermore, the report was given to defense counsel at the previous trial and there was testimony at that trial concerning the report. Thus, any failure to serve the report on new counsel was harmless since defendant was well aware of what the testimony would be concerning it. *Mackler v. State*, 164 Ga. App. 874, 876 (3) (298 SE2d 589) (1982). See also *Carter v. State*, 253 Ga. App. 795, 796 (560 SE2d 697) (2002) (criminal discovery rules do not require service of discovery materials on each new attorney defendant retains).

4. It cannot be said that the trial court erred in permitting DeAngelo Coleman to testify that defendant wanted to kill certain unidentified people to make the world a better place and in allowing the State to pose a question to Coleman as to whether defendant said something to him about drugs. The record does not reflect that defendant interposed a timely objection to Coleman's testimony or the State's question. Thus, these issues were not preserved for review. *Pendergrass v. State*, 275 Ga. 264 (3) (564 SE2d 443) (2002). Moreover, Coleman's testimony was relevant to show malice, see *Anderson v. State*, 254 Ga. 470, 471 (330 SE2d 592) (1985); and the State's question was relevant to show motive. *Whitener v. State*, 261 Ga. 567 (2) (407 SE2d 735) (1991). In any event, the question about drugs was harmless because it was cumulative of other evidence introduced at trial.[3] See *McLendon v. State*, 259 Ga. 778, 780 (4) (387 SE2d 133)

---

[2] The report concerned the latent palm print found on the dumpster.

[3] There was other testimony that the murder "was supposed to be about some cocaine." Additionally, there was evidence that the police seized rock cocaine from defendant's apartment.

(1990) (cumulative nature of statement renders any error in its admission harmless).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 2004.

*Christopher S. Warren,* for appellant.

*Kenneth B. Hodges III, District Attorney, Sadhana Pandey, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General,* for appellee.