## S12A1081. HARGROVE v. THE STATE.
(734 SE2d 34)

THOMPSON, Presiding Justice.

Appellant Bruce Wayne Hargrove was convicted of malice murder in connection with the shooting death of Antonio Jamel Jordan on

January 7, 1999 and was sentenced to life imprisonment.[1] His motion for new trial was denied, and he appeals. On appeal, appellant claims, inter alia, that he received ineffective assistance of counsel, that the evidence was insufficient to support the verdict, that the State failed to prove venue, and that his due process rights were violated by the 12-year delay between his conviction and appeal. Finding no error, we affirm.

1. Viewed in a light most favorable to the verdict, the jury was authorized to find that the victim, a confidential informant for the Putnam County Sheriff's Department, made a controlled buy of cocaine from appellant. As a result of the buy, appellant was arrested for possession of cocaine with intent to distribute. He was later charged with, and pled guilty to, a cocaine charge in federal court.

Following his arrest, appellant told several witnesses that he knew the victim had "snitched" on him, that he "had something" for the snitch, and that he believed the only way he would not be convicted of the cocaine charge was if the victim did not show up for court. Appellant traveled to Milledgeville, Georgia, with his nephew and two others looking for the victim and told a witness that "the police ain't done nothing but kill that boy." Upon locating the victim, appellant purchased marijuana from him and drove off. Later that evening, appellant and two others picked up the victim, drove him to a remote location near some dumpsters, and fatally shot him multiple times in the head and abdomen. Early the next morning, the victim's body was discovered lying next to the dumpsters in Baldwin County, Georgia. Appellant, having made numerous incriminating comments regarding the victim, was arrested later that morning.

Construing the evidence most strongly in support of the verdict, we conclude it was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crime for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] The crime occurred on January 7, 1999. A Baldwin County grand jury returned an indictment charging appellant with malice murder for killing the victim by shooting him with a handgun in Baldwin County, Georgia. Trial commenced on September 7, 1999, and on September 10, 1999, a jury found appellant guilty. He was sentenced that same day to life imprisonment. Appellant filed a motion for new trial on October 4, 1999. A hearing was held on August 12, 2011 following the appointment of new counsel to represent appellant and the trial court's granting of appellant's motion for out-of-time review by amended order entered March 21, 2011. The trial court denied appellant's motion for new trial on November 17, 2011 and he filed a notice of appeal directed to the Court of Appeals on November 22, 2011. By order entered March 6, 2012, the case was transferred to this Court and docketed to the April 2012 term where it was submitted for decision on the briefs.

2. Appellant, who was represented by two attorneys at trial, alleges his trial counsel rendered ineffective assistance. The standard for evaluating the constitutional effectiveness of counsel is set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Judicial scrutiny must be "highly deferential" to the "strong presumption that counsel's conduct . . . 'might be considered sound trial strategy.' " Id. at 689.

> In evaluating a counselor's performance, courts must consider both whether counsel failed to meet the minimum standards of objective professional reasonableness, and whether such deficiencies on the part of counsel actually had a prejudicial effect on the defendant. [Cit.]

*Simpson v. State*, 289 Ga. 685, 688 (715 SE2d 142) (2011). Failure to satisfy either prong of the *Strickland* test is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon this Court to examine the other prong. *Battles v. State*, 290 Ga. 226, 229 (719 SE2d 423) (2011).

(a) Appellant claims his trial counsel were ineffective for failing to move to have seven potential jurors struck for cause. " 'When a defendant in a felony trial has to exhaust his peremptory strikes to excuse a juror who should have been excused for cause the error is harmful.' [Cit.]" *Kirkland v. State*, 274 Ga. 778, 779 (560 SE2d 6) (2002). Among the jurors appellant claims should have been excused for cause are two who admitted to following media coverage of the case and discussing it with others; one whose sister worked in the county solicitor's office; two with family members working at the county sheriff's office; one who worked as a secretary at the sheriff's office; and one who worked with a real estate company allegedly associated with the sheriff.

Whether a prospective juror is subject to a challenge for cause is a matter which lies within the sound discretion of the trial court. *Higginbotham v. State*, 287 Ga. 187, 191 (695 SE2d 210) (2010). Moreover,

> "before a potential juror is so excused, it must be shown that the individual holds an opinion of the defendant's guilt or innocence that is so fixed and definite that the individual will not be able to set the opinion aside and decide the case based upon the evidence and the court's instructions."

Id.; *Stokes v. State*, 281 Ga. 825, 827 (642 SE2d 82) (2007); *Corza v. State*, 273 Ga. 164, 166 (3) (539 SE2d 149) (2000) (determination of

juror bias is based on findings of demeanor and credibility which are peculiarly in the trial court's province and are to be given deference). During voir dire, none of the seven prospective jurors at issue expressed a fixed and definite opinion as to the issue of appellant's guilt or indicated that they would be unable to decide the case based on the evidence and the court's instructions, and we find no bias sufficient to support their removal for cause. See *Cade v. State*, 289 Ga. 805, 808 (4) (716 SE2d 196) (2011). Nor does a prospective juror's familial relationship with a member of the law enforcement agency involved in the underlying criminal case disqualify a prospective juror per se. See *Carr v. State*, 267 Ga. 547, 553 (5) (480 SE2d 583) (1997) (trial court did not abuse its discretion in refusing to disqualify the mother of the county sheriff whose department had investigated defendant's case); *Brantley v. State*, 262 Ga. 786 (2) (e) (427 SE2d 758) (1993) (sheriff's wife not disqualified per se from serving as juror). As appellant has failed to show any of the prospective jurors would have been excused for cause subsequent to an appropriate motion, this ground lacks merit. *Cade*, supra (where effort to strike a juror would have been unsuccessful, attorney was not deficient for failing to make losing motion).

(b) Appellant contends his trial counsel were ineffective for failing to object to testimony and exhibits regarding appellant's purchase and use of marijuana, as well as to comments by the prosecutor referring to appellant as a "kingpin" and "king of the strip," which improperly placed his character in issue. However, the record reflects that testimony about appellant's sale or use of marijuana was used as part of trial counsels' overall strategy to gain credibility for appellant by admitting his involvement with drugs and the drug culture while denying his involvement in the murder. Further, appellant's interaction with the victim just hours prior to the murder was relevant to show opportunity and motive, and any evidence surrounding appellant's purchase or use of drugs on that day was also relevant. See *Grant v. State*, 307 Ga. App. 681, 683 (705 SE2d 910) (2011). Trial counsels' decision not to object to the admission of this testimony in order to use the drug culture surrounding this case to appellant's advantage was clearly strategic. See *Welbon v. State*, 278 Ga. 312, 313 (602 SE2d 610) (2004); *Rayshad v. State*, 295 Ga. App. 29, 36 (670 SE2d 849) (2008).

Nor were counsel ineffective for failing to object to the prosecutor's remarks in closing that appellant was a "kingpin" and "king of the strip," as there was an abundance of evidence presented that appellant was a drug dealer who conducted his business in a neighborhood known as "the strip." See *Fann v. State*, 254 Ga. 514, 518 (4) (331 SE2d 547) (1985) ("The range of discussion during closing

argument is very wide; what is prohibited is the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence.") (Emphasis omitted.) Likewise, appellant's complaint that trial counsel were ineffective for failing to object to testimony about the "standup lineup" and for failing to file a motion in limine to exclude the lineup photo, is without merit. Counsel effectively demonstrated potential flaws associated with the lineup through cross-examination and, as appellant has failed to make a strong showing that such an objection or motion would have been successful, he has not shown prejudice. See *Williams v. State*, 290 Ga. 533, 535 (722 SE2d 847) (2012).

(c) Appellant further asserts that trial counsel failed to adequately cross-examine crucial witnesses and that this failure equated to a substantial denial of his constitutional right to cross-examine the witnesses. *Vogleson v. State*, 250 Ga. App. 555, 558 (552 SE2d 513) (2001) (exposure of a witness' motivation in testifying is an important function of the constitutionally protected right of cross-examination). This claim is unsupported by the record which shows that counsel cross-examined witnesses with questions designed to solicit answers regarding potential "deals" or other motivations for providing favorable testimony for the State.

(d) Finally, appellant argues that counsel should have attempted to prevent the admission of his in-custody statements regarding his whereabouts on the night in question as there is no evidence of a *Miranda* waiver signed by him. However, the record reflects that trial counsel made a strategic decision not to challenge the admissibility of appellant's statement. During opening statement, counsel informed the jury that evidence would show that appellant did not "clam up" when arrested; that appellant's statement would explain his whereabouts on the night in question and show he could not have killed the victim; and that the statement served as corroboration of appellant's alibi defense. Further, there is no evidence showing appellant's statement was involuntarily made or would have been suppressed if a *Jackson-Denno* hearing had been conducted. See *Morris v. State*, 278 Ga. 710, 711-712 (606 SE2d 258) (2004). Accordingly, appellant cannot sustain his burden of proving ineffective assistance on this ground.

3. Appellant claims the prosecutor made an inflammatory and improper speaking objection when he stated in the presence of the jury, "[w]e've already had one snitch killed." He asserts error in the

trial court's failure to take corrective action pursuant to OCGA § 17-8-75,[2] despite admitting that his counsel neither objected to the remark nor asked for curative instructions. Failure of a defendant to object to an alleged impropriety at the time it occurs in order to give the trial court an opportunity to take remedial action generally results in a waiver of the defendant's right to raise the impropriety on appeal. *McClarin v. State*, 289 Ga. 180, 183 (710 SE2d 120) (2011); *Tidwell v. State*, 306 Ga. App. 307, 308 (701 SE2d 920) (2010) (OCGA § 17-8-75 does not require trial judge to sua sponte prevent improper closing arguments without timely objection by counsel). Moreover, in the instant case, the complained of "speaking objection" did not present new information to the jury but was part of the overarching theme of the case as even appellant's counsel stated during his opening that the victim was a "snitch for the Putnam County law enforcement." As the statement complained of contained no misstatements of law or fact, was ratified by appellant, and presented no new information to the jury, appellant's claim lacks merit. See generally *Scott v. State*, 227 Ga. App. 900, 903 (490 SE2d 208) (1997).

4. Nor did appellant's counsel make a contemporaneous objection to the prosecutor's references to appellant during closing argument as being a "kingpin" and the "king of the strip." As a result, appellant's claim that the prosecution improperly placed his character in issue via these statements has been waived and is not properly before this Court for appellate review. See *Mullins v. State*, 270 Ga. 450 (511 SE2d 165) (1999); *Earnest v. State*, 262 Ga. 494, 495 (422 SE2d 188) (1992) ("Errors not raised in the trial court will not be heard on appeal").

5. Appellant also contends the State made an impermissible "golden rule" argument during closing. A "golden rule" argument is one which "regardless of the nomenclature used, asks the jurors to place themselves in the victim's position." *Humphrey v. Lewis*, 291 Ga. 202, 217 (728 SE2d 603) (2012) quoting *Braithwaite v. State*, 275 Ga. 884, 885 (2) (b) (572 SE2d 612) (2002). We disagree. Here, the record demonstrates that the prosecutor's complained of remarks did not ask the jurors to put themselves in the victim's place with regard to the crime, but rather to consider the feelings of the victim's family. See *Sanders v. State*, 290 Ga. 637, 640 (723 SE2d 436) (2012). In

---

[2] OCGA § 17-8-75 provides:
Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender.

addition, after trial counsel's initial objection to the prosecutor's first remark was sustained, counsel failed to request curative instructions or object to subsequent remarks. See *Watson v. State*, 278 Ga. 763, 775 (604 SE2d 804) (2004); *Prince v. State*, 257 Ga. 84, 86 (355 SE2d 424) (1987). Any enumeration of errors as to these subsequent statements has therefore been waived.

6. Appellant claims the State failed to prove venue because the only testimony offered to establish that the murder occurred in Baldwin County was that of a police officer testifying that the body of the victim was found at a location in Baldwin County near some dumpsters. However, additional witness testimony introduced by the State provided evidence that the victim was driven to the dumpster location where he was shot and left for dead. Further, OCGA § 17-2-2 (c) specifically provides that "[i]f a dead body is discovered in this state and it cannot be readily determined in what county the cause of death was inflicted, it shall be considered that the cause of death was inflicted in the county in which the dead body was discovered." This claim lacks merit.

7. Appellant next enumerates as error certain evidentiary rulings made by the trial court. First, appellant contends the trial court erred in refusing to allow his counsel to ask witnesses whether they were confidential informants. Appellant argues that the fact that a person is a confidential informant is relevant to show bias or motive to testify favorably for the State; thus, the trial court's ruling denied him the right to a thorough and sifting cross-examination. See *Snelling v. State*, 215 Ga. App. 263, 265 (450 SE2d 299) (1994) (any undue abridgment of the right to cross-examination on a material matter is grounds for reversal).

"Although . . . appellant is entitled to a thorough and sifting cross-examination of a witness, the scope of such cross-examination is within the sound discretion of the trial court." *White v. State*, 253 Ga. 106, 110 (317 SE2d 196) (1984); OCGA § 24-9-64. The record reflects that appellant's counsel, while not permitted to directly ask witnesses whether they were confidential informants, otherwise were not restricted from cross-examining witnesses as to their relationships with police officers, their motivations for testifying, or any expected hopes or benefits to be derived therefrom. See *Tomlin v. State*, 170 Ga. App. 123, 124 (316 SE2d 570) (1984). As appellant was allowed to establish the basis for possible bias or interest of the witnesses, we find no abuse of discretion on the part of the trial court and appellant's claim lacks merit. See *Matthews v. State*, 194 Ga. App. 386, 387 (390 SE2d 873) (1990).

Appellant's second contention, that the trial court erred in allowing the indictment, plea and sentence from appellant's federal

drug case to be admitted into evidence, likewise lacks merit. The record reflects that trial counsel withdrew appellant's motion in limine to prevent the State from introducing this evidence and instead used the evidence to argue that because appellant had pled guilty to the federal charge he had no reason to kill the victim. This issue has not been preserved for appellate review. *Wesley v. State*, 286 Ga. 355, 356 (2) (689 SE2d 280) (2010).

Finally, appellant cannot show harmful error arising from the alleged admission of his "mug shot" into evidence as it does not appear from the record that the photograph complained of was actually admitted into evidence, was ever shown to the jury, was actually a "mug shot," or was even referred to as a "mug shot."

8. In his last enumeration of error appellant claims his due process rights were violated by the 12-year delay caused by his appointed appellate counsel's failure to pursue his post-conviction appeals. See *Threatt v. State*, 282 Ga. App. 884 (640 SE2d 316) (2006). At the new trial hearing, neither of appellant's trial attorneys had their files or notes, and both testified repeatedly that they had limited recollection of their trial preparation, strategy, and the trial itself. Further, one attorney was currently incarcerated, and the other testified he could not remember specifics and could only testify as to his common practices.

In determining whether an appellate delay violated a defendant's due process rights, this Court applies the same four factors identified by the United States Supreme Court in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972) for determining whether an accused's constitutional right to a speedy trial has been violated. *Chatman v. Mancill*, 280 Ga. 253, 260 (626 SE2d 102) (2006). These factors include the length of the delay, reason for the delay, the defendant's assertion of this right, and prejudice to the defendant. Id. at 256. With respect to the first factor, we agree with the trial court that the delay in this case has been lengthy, inexplicable and undesirable. However, "[m]ere passage of time, standing alone, does not compel a finding of denial of due process." *Obiozor v. State*, 213 Ga. App. 523, 524 (2) (b) (445 SE2d 553) (1994). We also note that the reasons for the delay appear to be due solely to the actions of appellant's previous appellate counsel and not to any failure or negligence on the part of the State. Despite this, appellant failed to raise an ineffective assistance claim against his previous appellate counsel. Nor has appellant presented any communication in which he asserted a constitutional demand for speedy appeal. Finally, appellant has failed to establish the required prejudice by showing that a reasonable probability exists that, but for the delay, the result of appellant's appeal would have been different. Appellant

argues that his counsels' limited recollections as to why certain decisions were made at trial establishes prejudice. However, this argument is unpersuasive where, as here, the transcript is not so inadequate or incomplete as to prevent a thorough judicial review of the proceedings on appeal. See *Chatman v. Mancill*, supra at 262.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 2012.

*Adams & Jordan, Cedric B. Davis, Walter C. Green II*, for appellant.

*Fredric D. Bright, District Attorney, Stephen A. Bradley, Daniel B. Cochran, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Clint C. Malcolm, Assistant Attorney General*, for appellee.