**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 16, 2013**

# In the Court of Appeals of Georgia

A13A0218. BROWN v. STATE.

RAY, Judge.

After a jury trial, Shajarvis Brown was convicted of attempted armed robbery. He appeals from the denial of his motion for new trial, arguing that he received ineffective assistance of counsel. Finding no error, we affirm.

Viewed in the light most favorable to the jury's guilty verdict,[1] the evidence shows that a few days prior to January 15, 2007, Brown and three co-defendants, Willie Boddie, Trimario McCoy, and Ashley Williams,[2] discussed robbing the Daniel Street Food Mart, a convenience store located in LaGrange, because the store's clerk

---

[1] *Goolsby v. State*, 299 Ga. App. 330, 330-31 (682 SE2d 671) (2009).

[2] Brown's three co-defendants pled guilty to attempted armed robbery prior to trial.

owed Brown "some money and he was going to get it back." On January 15, 2007, Brown, Boddie, McCoy, and Williams drove to the convenience store and let Brown out of the car so that he could walk into the store and be the "look out." The clerk at the Daniel Street Food Mart testified that Brown came into the store, borrowed the store's phone for a few minutes, and then suddenly ran out of the store. Brown used the store's phone to call McCoy and Boddie to inform them that the coast was clear to come into the store.

The remaining passengers of the car drove to a nearby street and parked the car. Williams remained in the car while Boddie and McCoy retrieved two assault rifles from the car's trunk and began to walk towards the store. The two men put on face masks and, holding their weapons, began to creep around the side of the store. The LaGrange Police Department received a phone call from a bystander who noticed "two subjects . . . crouched down besides the Daniel Street Store wearing ski masks, carrying . . . rifles." Officers worked quickly to secure a perimeter around the store, and as soon as McCoy and Boddie noticed an officer approaching them, they ran towards the back of the store where they were apprehended and arrested by other officers.

One of the officers then noticed Williams waiting in the car nearby, and she consented to the officer's search of the car, which revealed a handgun and a canvas bag containing ammunition consistent with assault rifles carried by McCoy and Boddie.

At the conclusion of the trial, the jury found Brown guilty of attempted armed robbery. Subsequently, Brown obtained new counsel and filed an amended motion for new trial, alleging, in part, that his trial counsel provided ineffective assistance. After a hearing at which Brown's trial counsel testified, the trial court denied Brown's motion for new trial on all grounds. This appeal follows.

In his sole enumeration of error, Brown contends that he received ineffective assistance of counsel because his trial counsel failed to object to three instances of testimony indicating that Brown was facing charges for "other robberies" at the time of this case.

"In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense."(Footnote omitted.) *Smith v. State*, 309 Ga. App. 889, 892 (2) (714 SE2d 593) (2011). Failure to satisfy either prong of this test "is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon this Court to

examine the other prong." (Citation omitted.) *Hargrove v. State*, 291 Ga. 879, 881 (2) (734 SE2d 34) (2012).

> There is a strong presumption that the performance of the trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Footnote omitted.) *Smith*, supra.

1. Brown contends that his trial counsel should have objected to an exchange between the State and his co-defendant, Boddie, about a statement Boddie made to the police following the robbery because Boddie mentioned that he had "talk[ed] about two different robberies" with the police prior to trial. At the evidentiary hearing on Brown's amended motion for new trial, trial counsel explained that he did not object to that statement because there was no indication that the other robberies mentioned by Boddie were committed by Brown and that his decision not to object was a matter of trial strategy because "clearly you don't want to bring the jury's attention to something like that."

Brown cannot succeed on his ineffective assistance of counsel claim because he cannot overcome the strong presumption that his trial counsel's decision not to object was a matter of reasonable trial strategy and, thus, cannot show that his counsel was deficient. "Trial tactics and strategy, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Punctuation and footnote omitted.) *Gray v. State*, 291 Ga. App. 573, 579 (2) (662 SE2d 339) (2008). Accord *Strickland v. Washington*, 466 U. S. 668 (104 S. Ct. 2052, 80 L.Ed.2d 674) (1984). We agree with the trial court that trial counsel's strategic decision not to object to this testimony does not constitute deficient performance. The denial of Brown's amended motion for new trial on this ground was not in error.

2. Brown contends that trial counsel should have objected to two exchanges between the State and his girlfriend, Shantressa Swindle. At trial, Swindle testified that Brown was with her at her house on the night of the robbery. When the State asked Swindle why she failed to tell someone that Brown was with her on the night of the robbery, Swindle responded that "I didn't know he was locked in jail for just that robbery. I thought it was for others too." Swindle further testified that she did not contact the District Attorney's office to explain that Brown was with her on the night

of the Daniel Street Food Mart robbery "[b]ecause the other robberies he's charged with[,] I knew that if the one came up they would probably come and get me if they knew I had an alibi." Brown contends that an objection to this testimony was warranted and would have been sustained because Swindle's testimony improperly impugned his character and had the highly prejudicial effect of suggesting a pattern of menacing behavior.[3]

At the evidentiary hearing on Brown's amended motion for new trial, trial counsel's testimony represents some evidence that his decision not to object to these statements was a matter of reasonable trial strategy. Specifically, trial counsel explained that he did not object to Swindle's statements or request a limiting instruction because "I really wouldn't want to put more emphasis with the jury on this other robbery issue." Brown argues on appeal that it made "no strategic sense for defense counsel not to object . . . because it did not advance Brown's case in any

___

[3] Swindle was called as a defense alibi witness. Her testimony at trial indicating that defendant was involved with other robberies was not responsive to the State's questioning. See *Cochran v. State*, 177 Ga. App. 471, 473 (3) (339 SE2d 749) (1986) (witness's statement that he had been in jail with defendant did not impermissibly place defendant's character into evidence when the answer of witness was not responsive to the question asked). Further, Swindle's statements regarding Brown's involvement with other robberies was fleeting, and the State did not pursue the questioning further. See *Hensley v. State*, 300 Ga. App. 136, 138 (684 SE2d 673) (2009) (fleeting reference to possible criminal history is harmless).

favorable way." However, Georgia appellate courts have held that a decision not to object to certain testimony at trial to avoid drawing attention to it is a "legitimate trial strategy that falls within the range of reasonable professional conduct." (Citation omitted.) *Durham v. State*, 292 Ga. 239, 241-242 (4) (a) (734 SE2d 377) (2012). Accord *Greenwood v. State*, 309 Ga. App. 893, 895 (1) (a) (714 SE2d 602) (2011) ("A decision on whether to object when a defendant's character is placed in issue is a matter of trial tactics and does not equate with ineffective assistance of counsel.") (Punctuation and footnote omitted).

Given the strategic nature of counsel's decision with respect to this evidence, it "can provide no grounds for reversal unless it was so patently unreasonable that no competent attorney would have chosen it." (Citation, punctuation, and footnote omitted.) *Mantooth v. State*, 303 Ga. App. 330, 336 (1) (b) (693 SE2d 587) (2010). Brown bears the burden of rebutting the strong presumption that this strategy was a reasonable one, made in the exercise of reasonable judgment. *Thornton v. State*, 301 Ga. App. 784, 793 (4) (689 SE2d 361) (2009). Brown did not carry this burden, and accordingly, the denial of Brown's amended motion for new trial was not in error.

*Judgment affirmed. Barnes, P. J., and Miller, J., concur.*