**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 13, 2021**

# In the Court of Appeals of Georgia

A21A0918. PRADO v. THE STATE.                                        DO-029C

PER CURIAM.

Alfonso Altamirano Prado appeals his criminal conviction resulting from a guilty plea, asserting that his plea was the product of ineffective assistance of counsel. For the reasons that follow, we affirm.

The record shows that in 2012, Prado was indicted on two counts of aggravated assault (family violence), two counts of cruelty to children in the third degree, and a single count each of criminal trespass, aggravated battery, and possession of a weapon during the commission of a crime. The charges arose out of an incident during which Prado assaulted his former girlfriend with a knife in front of the couple's two children. Prado stabbed her approximately 14 times, injuring her chest, back, and upper and lower extremities. When police responded to the scene, they

found Prado a short distance from the victim's apartment, holding a knife to his own throat.

Prior to trial, Prado entered a negotiated guilty plea to aggravated battery, both counts of cruelty to children in the third degree, and possession of a weapon during the commission of a crime. In exchange, the State agreed not to proceed on the remaining counts of the indictment[1] and recommended a total sentence of 20 years, with 15 years to be served in incarceration and the balance on probation. In response to questions from the court at the plea hearing, Prado indicated he understood the nature of the charges against him and the possible sentences he could receive on those charges. Prado also acknowledged that he had the right to plead not guilty and go to trial, and at trial, the State would be required to prove him guilty beyond a reasonable doubt. He further indicated he understood the rights accompanying a trial, including the right to legal counsel, the right to call witnesses on his own behalf, and the right to cross-examine any witnesses against him. Prado expressly acknowledged that he was "giv[ing] up all" of these rights by pleading guilty. Additionally, Prado responded affirmatively when asked if his lawyer had discussed with him the charges

---

[1] The trial court merged both counts of aggravated assault for family violence with Prado's conviction for aggravated battery and the State nolle prossed the criminal trespass charge.

and possible defenses, if he believed his lawyer had done all he could to assist him, and if he was satisfied with his attorney's "advice and guidance."

The trial court questioned Prado's attorney, who confirmed that he had explained to Prado all of his rights and that Prado appeared to understand them. Additionally, counsel stated that in his opinion, Prado understood the nature of the charges against him and the implications of a guilty plea. Counsel further stated that after making his own investigation of the case, he knew of no reason why Prado should not plead guilty to the charges in question.

Twice during exchanges with Prado and his attorney, the trial court gave Prado an opportunity to ask any questions he might have. On both occasions, Prado stated he had no questions. At the conclusion of the hearing, the trial court accepted Prado's plea as well as the State's sentencing recommendation. The court sentenced Prado to fifteen years incarceration on the charge of aggravated battery, twelve months incarceration on each of the charges of cruelty to children in the third degree, and five years probation on the charge of possession of a weapon during the commission of a crime. The court further ordered that the first three sentences be served concurrently and that the probationary period be served consecutively to the period of incarceration.

In February 2020, Prado filed a pro se motion for an out-of-time appeal, asserting that his failure to file a timely appeal resulted from ineffective assistance of counsel.[2] Following a hearing on that motion, the trial court granted the same, finding that neither plea counsel nor the court had informed Prado of his right to file a direct appeal. Prado then filed this appeal challenging his conviction.

In support of his appeal, Prado asserts that his guilty plea resulted from ineffective assistance of counsel. A defendant asserting ineffective assistance with respect to a guilty plea bears the burden of proving both that plea counsel's performance was deficient and that he suffered prejudice as a result — there was "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[3] If a defendant cannot meet his burden with respect to one of these requirements, this Court need not examine the other.[4]

---

[2] Prado previously had filed a motion for out-of-time appeal, which the trial court had denied based on prior case law. See *Collier v. State*, 307 Ga. 363 (834 SE2d 769) (2019).

[3] (Punctuation omitted.) *Alexander v. State*, 342 Ga. App. 106, 107 (803 SE2d 88) (2017).

[4] See *Hargrove v. State*, 291 Ga. 879, 881 (2) (734 SE2d 34) (2012).

Prado first asserts that plea counsel performed deficiently by failing to advise him he had a right to move to withdraw his guilty plea or to appeal his conviction. Assuming arguendo that trial counsel's failure in this regard constituted deficient performance, Prado cannot prove he suffered prejudice as a result. Specifically, the fact that Prado has been granted an out-of-time appeal means that plea counsel's failure to inform him of his right to an appeal did not prejudice him. Moreover, this appeal has provided Prado with the opportunity to assert any grounds for reversal of his conviction that he could have asserted in a motion to withdraw his guilty plea.[5]

Prado also contends that he received ineffective assistance because his attorney advised him to plead guilty even though the State's evidence would have been insufficient to obtain a conviction at trial. This argument fails because a defendant who has been convicted following a knowing and voluntary guilty plea may not

---

[5] Once a defendant has been sentenced, he will be allowed to withdraw a guilty plea only if he "establishes that such withdrawal is necessary to correct a manifest injustice," — the plea resulted from ineffective assistance of counsel or that it was not entered voluntarily and knowingly. *Green v. State*, 324 Ga. App. 133, 133 (749 SE2d 419) (2013) (punctuation omitted). Prado has not argued that his guilty plea was anything other than knowing and voluntary at either the hearing on his motion for an out-of-time appeal or in his appellate brief.

challenge on appeal the sufficiency of the evidence.[6] This rule results from the fact that at a guilty plea hearing, the State is not required to prove, and the trial court is not required to find, the defendant's guilt beyond a reasonable doubt.[7] Instead, the State is required to demonstrate a factual basis for the plea — the defendant is admitting to certain acts, and "those acts constitute the crime[s] with which he is charged."[8] The fact that Prado is attempting to challenge the sufficiency of the evidence by couching the challenge in terms of an ineffective assistance claim does not change this rule. At the plea hearing, the trial court expressly informed Prado that by entering a plea, he was waving his right to a trial and all the rights attached thereto, including the requirement that the State prove him guilty beyond a reasonable doubt. Having knowingly and voluntarily waived those rights, Prado cannot now claim that the State lacked the evidence to prove his guilt beyond a reasonable doubt. For the reasons set forth above, we affirm Prado's conviction.

---

[6] See *Brown v. State*, 261 Ga. App. 448, 449 (2) (582 SE2d 588) (2003); *Swan v. State*, 251 Ga. App. 80, 80 (3) (553 SE2d 383) (2001).

[7] See *Robertson v. State*, 287 Ga. App. 271, 271-272 (2) (651 SE2d 198) (2007).

[8] (Punctuation omitted.) Id. at 272 (2). The record shows that any assertion that Prado's guilty plea lacked an adequate factual basis is without merit.

*Judgment affirmed. Division Per Curiam. All the Judges concur.*